99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Panthong PRASEUTH, Plaintiff-Appellant,
v.
Thomas C. WERBE, Defendant-Appellee.
 No. 95-7449.
 United States Court of Appeals, Second Circuit.
 Dec. 15, 1995.
 
 APPEARING FOR APPELLANT: PANTHONG PRASEUTH, PRO SE PETITIONER
 APPEARING FOR APPELLEE: THOMAS WERBE
 E.D.N.Y.
 AFFIRMED.
 Before WALKER, JACOBS and PARKER, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Ross, J.), and was argued.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 Plaintiff-appellant Panthong Praseuth, who is proceeding pro se, appeals from the judgment of the United States District Court for the Eastern District of New York (Ross, J.), dismissing his complaint without prejudice to repleading within sixty days.
 
 
 1
 On May 12, 1994, Praseuth filed a complaint against Thomas Werbe. Appellant's complaint, which is virtually incomprehensible, appears to allege that Werbe defrauded two individuals, Duang Keophilia and Khaniphant Sanoubane, by mailing them an application for a credit line without their permission. On March 8, 1995, the district court granted defendant Werbe's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to provide a short and plain statement of the claim as required by Rule 8(a). The district court further ordered that the case be dismissed without prejudice to repleading within sixty days and instructed appellant on how to meet the standing requirement and properly serve the complaint.
 
 
 2
 We review de novo the district court's dismissal under Rule 12(b)(6) and, "taking all the plaintiff's factual allegations as true, we will affirm only where no set of facts could support [his] claim." Annis v. County of Westchester, 36 F.3d 251, 253 (2d Cir.1994) (citation omitted). Additionally, we review de novo the question of standing. Comer v. Cisneros, 37 F.3d 775, 787 (2d Cir.1994). Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading claims for relief, states that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Failure to comply with Rule 8(a) may result in dismissal of a complaint, even if the pleader is proceeding pro se. Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir.1972), cert. denied, 411 U.S. 935 (1973).
 
 
 3
 Praseuth's complaint does not satisfy the pleading requirements of Rule 8(a). Because Praseuth "failed to supply a comprehensible complaint," the district court did not abuse its discretion in dismissing his complaint without prejudice. See Becker v. Adams Drug Co., 819 F.2d 32, 33 (2d Cir.1987). Moreover, appellant does not have standing to sue in this action. A plaintiff must have suffered a "distinct and palpable injury to himself," Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 100 (1979), yet Praseuth is apparently acting on behalf of individuals who received fraudulent letters and does not seek redress for his own injury. Appellant cannot establish himself as a "next friend" of these persons unless he demonstrates that they are "unable to litigate [their] own cause due to mental incapacity, lack of access to the court, or other similar disability." Whitmore v. Arkansas, 495 U.S. 149, 165 (1990). Also absent is evidence that Praseuth is "truly dedicated to the best interest of the person[s] on whose behalf he seeks to litigate." Id. at 163. Because appellant has not established himself as a "next friend" under the Whitmore test, he has no standing to seek compensation for the alleged injury.
 
 
 4
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.