**Frances NEWSOM–LANG, Plaintiff**

v.

**WARREN INTERNATIONAL, Defendant.**

**No. 00 CIV. 629(LTS)(AJP).**

United States District Court, S.D. New York.

Feb. 1, 2001.

Law Offices of Michael H. Sussman, By: Michael H. Sussman, Goshen, NY, for Plaintiff.

McGuire Woods LLP, By: William A. Newman, Ruth L. Goodboe, New York, NY, for Defendant.

## MEMORANDUM OPINION AND ORDER

SWAIN, District Judge.

In this action, plaintiff Francis Newsom–Lang ("Plaintiff") asserts that defendant Warren International, Inc. ("Defendant") violated the federal Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C.A. §§ 621–634 (West 1999 & Supp.2000), and Section 296 of the New York Executive Law (McKinney 1993 & Supp.2001), in connection with the terms and conditions, and the termination of, her employment. Plaintiff was employed by Defendant from March 1998 to January 24, 2000. Defendant now moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the complaint. Contending that it has employed fewer than 20 persons at all relevant times, Defendant asserts that it is not a covered "employer" within the meaning of ADEA and that the Court therefore lacks subject matter jurisdiction of Plaintiff's ADEA cause of action.[1] Plaintiff asserts that Defendant employed more than

---

1. In that jurisdiction of Plaintiff's cause of action under the New York Executive Law is premised on the existence of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, dismissal of the ADEA cause of action would deprive the Court of jurisdiction to consider the state law cause of action. *See Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir.2000).

the requisite number of persons in the relevant periods and therefore is a covered employer. Plaintiff seeks denial of the motion or, in the alternative, leave to conduct discovery on the employee census issue. The Court has fully considered all submissions related to this motion. Because, under the law of this Circuit, the 20–employee threshold is not a jurisdictional predicate, because failure to meet the employee census threshold is not evident on the face of the complaint, and because the evidence proffered by both parties is conclusory, the motion is denied.

The ADEA prohibits discrimination based on age by an "employer," defining that term to mean a "person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C.A. § 630(b) (West 1999). *See also* 29 U.S.C.A. § 623 (West 1999 & Supp.2000). Section 626 of the statute provides in pertinent part that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of [the ADEA]." 29 U.S.C.A. § 626(c)(1) (West 1999). Arguing that a person cannot be "aggrieved" by the allegedly discriminatory action of an entity that does not meet the statutory definition of "employer," Defendant contends that the 20–employee threshold constitutes a jurisdictional prerequisite.

Defendant's moving papers were accompanied by the September 29, 2000 affidavit of Patricia Muller, Defendant's Chief Operating Officer ("Muller Aff. I"), which asserted, without elaboration, that "Warren International did not have 20 or more employees for each working day in each of 20 or more calendar weeks in 1998 and 1999." (Muller Aff. I at ¶ 5.) In opposition to the motion, Plaintiff proffered her own affidavit, accompanied by a spreadsheet, asserting that Defendant maintains several business locations and employed 24–25 employees in 1999 and 2000 (no proffer was made as to the number of persons employed in 1998, although some of the actions complained of allegedly took place in 1999). (Newsom–Lang Aff. at ¶¶ 3–4; Compl. at ¶¶ 11–12.) In an affidavit accompanying its reply papers, Defendant asserted that one of the business locations cited in the Newsom–Lang affidavit is operated by a different company and that certain of the persons listed on the spreadsheet accompanying the Newsom–Lang affidavit are not employed by the corporate defendant. (Muller Aff. II, Oct. 30, 2000, at ¶¶ 3, 5.) No other evidentiary material has been proffered by the parties. The Court requested, and the parties supplied, additional argumentative papers on the issue of whether the 20–employee threshold constitutes a jurisdictional issue.

■ A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). Where the defendant challenges the factual basis of jurisdiction, a district court may refer to evidence outside the pleadings. *See id.; Goodman v. Children's Television Workshop*, No. 98 Civ. 8348, 1999 WL 228396, at *2 (S.D.N.Y. April 19, 1999). Evidence such as affidavits, documents and other materials may be proffered in support of, or in opposition to, a challenge to subject matter jurisdiction. *See Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130–1 (2d Cir.1976), *modified sub nom. on other grounds, Chemical Bank v. Arthur Andersen & Co.*, 726 F.2d 930 (2d Cir.1984); *Goodman*, 1999 WL 228396, at *2.

■ When considering a Rule 12(b)(1) motion, the Court does not draw inferences in plaintiff's favor. *See Goodman*, 1999 WL 228396, at *1. A plaintiff asserting subject matter jurisdiction, once challenged, has the burden of proving by a preponderance of the evidence that jurisdiction exists. *See id.; Makarova*, 201

F.3d at 113. Unlike a motion to dismiss under Rule 12(b)(6), a motion to dismiss for lack of subject matter jurisdiction is not directed to the claim's merits. *See Exchange Nat'l Bank*, 544 F.2d at 1130–1.

In *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 360 (2d Cir.2000), the Second Circuit held that the 15–employee threshold established by the definition of "employer" set forth in the Title VII anti-discrimination statute does not constitute a jurisdictional requirement. Recognizing that other circuits have come to different conclusions as to whether that provision is in effect jurisdictional, the Court of Appeals joined the District of Columbia and Seventh Circuits in holding that such a provision of an anti-discrimination statute is not. *See id.* at 364–5; *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621 (D.C.Cir.1997); *Sharpe v. Jefferson Distrib. Co.*, 148 F.3d 676 (7th Cir.1998), *abrogated on other grounds, Papa v. Katy Industries, Inc.*, 166 F.3d 937 (7th Cir. 1999). The Circuit held two considerations to be material to the determination of whether the requirement should be deemed jurisdictional or merits-based: the consequences of a determination that a criterion is an ingredient of subject matter jurisdiction; and the language of the particular statute. With respect to the first consideration, the *Da Silva* court held that the potential destruction of the validity of a ruling on a related state law claim and the federal court's obligation to make its own independent determination that subject matter jurisdiction exists militate in favor of "narrowing the number of facts or circumstances that determine subject matter jurisdiction." *Da Silva*, 229 F.3d at 365. The second consideration was likewise found to counsel rejection of the *Da Silva* defendants' jurisdictional argument. Distinguishing Title VII's civil action provision from the Title 28 provision authorizing diversity jurisdiction,[2] which explicitly makes the threshold fact of the amount in controversy an ingredient of subject matter jurisdiction, the Court held that Title VII's provision—"[e]ach United States district court ... shall have jurisdiction of actions brought under this subchapter [Title VII]"[3]—did not render the employee threshold jurisdictional. Rather, a plaintiff's failure to prove that the defendant is a covered employer "is a ground for defeating her federal claim on the merits." *Da Silva*, 229 F.3d at 365. The Court left open the possibility that "claims that present no colorable basis for claiming a Title VII violation" might be outside the statutory grant of subject matter jurisdiction. *Id.*

■ Defendant urges this Court to break with this Second Circuit precedent and, instead, follow certain other circuits that have found the Title VII provision to establish a jurisdictional prerequisite. This the Court clearly cannot do; lower courts in this Circuit are bound by applicable Circuit precedent.[4]

Defendant also argues that, even if *Da Silva* is binding precedent with respect to Title VII's jurisdictional provision, it need not dictate the Court's decision here be-

---

**2.** 28 U.S.C.A. § 1332 (West 1993 & Supp. 2000).

**3.** 42 U.S.C.A. § 2000e–5(f)(3) (West 1994).

**4.** Defendant points out an apparent inconsistency in the Seventh Circuit case law upon which the Second Circuit based its reasoning in part, noting that in *Rogers v. Sugar Tree Products, Inc.*, 7 F.3d 577 (7th Cir.1993), the Seventh Circuit treated the employee census provision of ADEA as jurisdictional. The existence of the *Rogers* opinion does not, however, provide a basis for this Court's disregard of the Second Circuit's analysis in *Da Silva*.

Rogers did not analyze the jurisdiction-merits issue and focused, instead, on the appropriate methodology for determining whether two entities constituted a single employer for purposes of the census. Two later Seventh Circuit decisions that did address the issue in the Title VII context—*Sharpe*, 148 F.3d 676 (7th Cir.1998) and *Papa*, 166 F.3d 937 (7th Cir. 1999)—held the Title VII provision nonjurisdictional. As explained below, this Court does not find a material difference between the Title VII and ADEA iterations of the jurisdictional prerequisites.

cause the language of ADEA's civil action provision is different. The "wording of the statute" is indeed one of the two key criteria in the Second Circuit's analysis of whether a factual element is integral to a jurisdictional grant. *See Da Silva,* 229 F.3d at 365. Title VII's provision, as noted above, grants the district courts jurisdiction of "actions brought under" the statute. 42 U.S.C.A. § 2000e–5. The relevant section of ADEA provides that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C.A. § 626(c)(1) (West 1999). Defendant asserts that the difference between these two provisions is a material distinction for purposes of the jurisdictional analysis, arguing that a person cannot be "aggrieved" within the meaning of ADEA except insofar as the offensive conduct is performed by an "employer" meeting the statutory definition, for only such employers are within the statute's prohibitions.

Defendant does not, however, reconcile this argument with *Da Silva's* holding that Title VII actions can be "brought under" Title VII and survive a jurisdictional challenge even if the plaintiff ultimately fails to prove that the defendant's employee roster met the threshold requirements at the relevant times. Indeed, if Defendant's analytical framework were to be accepted, there would be no reason to stop at the "employer" definition element in defining the parameters of subject matter jurisdiction. In that covered employers are prohibited from engaging in only specified employment practices, why should a failure to prove a prohibited employment practice be any less a jurisdictional matter than failure to prove covered employer status? *See* 42 U.S.C.A. § 2000e–2(a) (West 1994). How could a person be "aggrieved" within the meaning of ADEA's jurisdictional provision absent proof of a prohibited practice by a covered employer? *See* 29 U.S.C.A. § 623(a) (West 1999 &

Supp.2000). Clearly these statutes have not been so construed.

Whether a prohibited practice has occurred is a merits question for the fact finder. Defendant has proffered no reason why the employee census threshold, which Congress chose not to incorporate specifically into the jurisdictional provision of the statute, should be treated any differently. *See Da Silva,* 229 F.3d at 364–65. *See also Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946) ("Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.... Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.").

The Court also finds unpersuasive Defendant's argument that the first *Da Silva* policy consideration—the consequences of a determination that a criterion is an ingredient of subject matter jurisdiction—militates in favor of a finding of a subject matter jurisdiction issue here. Defendant asserts that, unlike in *Da Silva,* where a finding that the employee threshold issue went to the merits operated to rescue a jury determination on a state law claim that would otherwise have been rendered void, such a finding here would be inefficient because it would thrust Defendant into full-blown discovery on the merits. The simple answer to this argument is that the Court has already directed the parties to concentrate their initial discovery efforts on the employee census question. Today's decision denying Defendant's motion to dismiss on subject matter jurisdiction grounds does not preclude an early, properly supported, summary judgment

motion demonstrating that uncontrovertible facts warrant judgment for Defendant as a matter of law. The Court is also mindful of the fact that federal courts have an independent obligation to examine their own subject matter jurisdiction. "Surely the number of employees is not the sort of question a court ... must raise on its own, which a 'jurisdictional' characterization would entail." *Sharpe*, 148 F.3d at 678.

Having found that Defendant's motion to dismiss is predicated improperly on Rule 12(b)(1) of the Federal Rules of Civil Procedure (motion to dismiss for lack of jurisdiction of the subject matter), the Court could construe the motion as one to dismiss under Rule 12(b)(6) (failure to state a claim upon which relief can be granted) or, in that both parties have proffered and relied upon matters outside the pleadings, a motion for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b); *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 n. 3 (D.C.Cir. 1997). The Court declines to do so because the alleged infirmity with respect to the employee census is not apparent on the face of the complaint and the conclusory factual information thus far proffered conflicts in material respects, including as to which individuals may appropriately be considered employees of the Defendant. Reasonable discovery with respect to this issue is appropriate prior to any resolution of the question. The Court has urged the parties, who are in the process of discovery, to give this issue precedence if their views continue to diverge.

Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is, for the foregoing reasons, denied.

IT IS SO ORDERED.