**Kanal V. GASTON, Plaintiff,**

v.

**NEW YORK CITY DEPARTMENT OF HEALTH OFFICE OF CHIEF MEDICAL EXAMINER, Defendant.**

No. 05 Civ. 3246(VM).

United States District Court,
S.D. New York.

May 9, 2006.

Kanal V. Gaston, Plaintiff, Pro Se, Kingwood, NY.

### DECISION AND ORDER

MARRERO, District Judge.

### I. INTRODUCTION

*Pro se* plaintiff Kanal V. Gaston ("Gaston") brought this action against the New York City Department of Health's Office of the Chief Medical Examiner ("OCME"), claiming employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., defamation, and libel. OCME has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that: 1) Gaston's Title VII claims are untimely, 2) Gaston's defamation and libel claims are barred by his failure to comply with applicable notice of claim requirements, and 3) OCME is not a suable entity under New York law. OCME moved in the alternative to dismiss Gaston's Title VII discrimination claims pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that Gaston failed to exhaust administrative remedies with respect to his discrimination claims.

As set forth below, OCME's motion is granted as follows: (1) Gaston's defamation and libel claims are dismissed with prejudice on the ground that he failed to comply with applicable notice of claim requirements, (2) Gaston's Title VII claims alleging discriminatory or retaliatory failure to promote, unfavorable job assignments, denial of rights and benefits of employment, physical threats, and constructive discharge are dismissed with prejudice as time-barred; and (3) Gaston's Title VII claims alleging discriminatory or retaliatory negative job references and negative statements to potential employers

are dismissed without prejudice for failure to name a suable entity as a defendant. Gaston's failure to name a suable entity is a technical defect that is easily corrected by amendment of the Complaint. *See Ghosh v. New York City Dep't of Health,* No. 03 Civ. 780, 2006 WL 298743, at *13 (S.D.N.Y. Feb. 7, 2006). Therefore, Gaston's claims based on negative job references and statements to employers are dismissed without prejudice to Gaston's right to file an amended complaint within thirty days of the date of this Order naming the City of New York as the defendant.

## II. *BACKGROUND*

The factual summary presented herein derives from Gaston's complaint, *Gaston v. New York City Department of Health Office of Chief Medical Examiner,* No. 05 CV 3246, received by the *Pro Se* office March 7, 2005 (the "Complaint"), including exhibits attached to the Complaint. For purposes of deciding OCME's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court accepts the well-pleaded factual allegations in the Complaint as true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

In 1999, Gaston was employed by the OCME as an Evidence and Property Control Specialist. Gaston alleges that in 1999 OCME asked him to testify falsely in another employee's Title VII lawsuit and that he refused. In September 1999, he applied for the position of Assistant Deputy Director of Special Services. He alleges that he was denied this position because he is black and because he refused to testify falsely in the lawsuit mentioned above. Gaston states that OCME also discriminated and/or retaliated against him by awarding him unfavorable job assignments, denying him unspecified "rights and benefits," and threatening him physically, resulting in his resignation in No-

vember 2000, which he characterizes as a "constructive resignation." (Complaint at 6.)

Gaston claims that he experienced further discrimination and retaliation after his resignation, specifically in that OCME provided numerous negative job references to potential employers. He asserts that in the period of November 2000 through the filing of the Complaint in March 2005, he applied for more than one hundred positions and was offered more than fifty positions. However, all of the offers were rescinded by the employers, who cited "bad reference from a former employer" as the reason for rescinding the offers. (Complaint at 7.) The Complaint does not specify when these negative job references were made or discovered by Gaston.

In June 2002, a federal investigator interviewed several OCME employees in connection with Gaston's application for employment with the federal government. In February 2003, Gaston filed a Freedom of Information Act ("FOIA") request with the United States Office of Personnel Management ("OPM") seeking documents related to the federal investigation. (*See* Letter to Kanal V. Gaston from Carey Furman, FOI/PA Specialist, dated March 5, 2003, attached as Exhibit B to the Complaint.) OPM sent the requested information to Gaston on July 22, 2003, but the documents were returned unclaimed to OPM by the Postal Service. In response to Gaston's inquiry about the status of his FOIA request, OPM re-sent the documents to Gaston. Gaston received the documents from OPM in January 2004. Gaston alleges that the documents contained evidence that OCME employees made false negative statements about Gaston to a federal investigator in June 2002.

On or about June 29, 2004, Gaston filed a charge with the New York State Division of Human Rights ("SDHR") charging

OCME with retaliation in violation of Title VII and Section 296 of the New York State Human Rights Law. (*See* FEPA Charge No. 2–E–O–04–3508121, dated June 29, 2004, attached as Exhibit C to Complaint.) The charge was simultaneously filed with the United States Equal Employment Opportunity Commission ("EEOC"). (*See* EEOC Charge No. 16GA404349, dated June 29, 2004, attached as Exhibit B to Complaint.) In the SDHR/EEOC charge, Gaston asserted that he was retaliated against for refusing to testify falsely in connection with another OCME employee's Title VII lawsuit. Gaston alleged that OCME denied him promotional opportunities and provided false negative information to potential employers on numerous occasions in retaliation for his refusal to testify falsely in the lawsuit.

On December 14, 2004, the EEOC mailed a "Dismissal and Notice of Rights" to Gaston adopting the findings of the SDHR. (*See* Dismissal and Notice of Rights, dated December 14, 2004, attached as Exhibit A to Complaint.) The record does not contain the SDHR's decision. However, the Complaint asserts that the SDHR dismissed the charge on the grounds that Gaston's claims were time-barred. On March 7, 2005, Gaston filed the Complaint with the *Pro Se* Office.

### III. *LEGAL STANDARD*

 A district court may grant a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) only if it appears beyond doubt that the non-moving party could prove no set of facts that would entitle it to relief. *See Hishon,* 467 U.S. at 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Valmonte v. Bane,* 18 F.3d 992, 998 (2d Cir.1994). As noted above, in reviewing the pleadings, a court must accept the non-moving party's well-pleaded factual allegations as true. *See Hishon,* 467 U.S. at 73, 104 S.Ct. 2229;

*Dove v. Fordham,* 56 F.Supp.2d 330, 335 (S.D.N.Y.1999). Furthermore, a court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading. *See Stuto v. Fleishman,* 164 F.3d 820, 826 n. 1 (2d Cir.1999).

 A different legal standard governs a court's review of motion to dismiss made pursuant to Fed. R. of Civ. P. 12'(b)(1). On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), it is a court's duty to resolve disputed jurisdictional facts. *See Cargill Int'l S.A. v. M/T Pavel Dybenko,* 991 F.2d 1012, 1019 (2d Cir.1993). Furthermore, in resolving a challenge to subject matter jurisdiction, a court does not draw inferences in favor of the plaintiff. *See Newsom–Lang v. Warren Int'l,* 129 F.Supp.2d 662, 663 (S.D.N.Y.2001); *Harris v. New York State Dept. of Health,* 202 F.Supp.2d 143, 146–7 (S.D.N.Y.2002).

### IV. *DISCUSSION*

#### A. *DEFAMATION AND LIBEL CLAIMS*

 Gaston failed to serve a timely notice of claim upon the City of New York, a prerequisite to maintaining defamation and libel claims against the City. *See O'Diah v. City of New York,* No. 02 Civ. 274, 2003 WL 182932 (S.D.N.Y. Jan. 28, 2003). Section 50–e of the New York General Municipal Law provides that the notice of claim must be filed "within ninety days after the claim arises." N.Y. Gen. Mun. Law § 50–e. Where a plaintiff fails to timely file a notice of claim, his complaint will be dismissed. *See Corcoran v. New York Power Auth.,* 202 F.3d 530, 541 (2d Cir.1999); *O'Diah,* 2003 WL 182932, at *1–*2. Gaston concedes that he did not file a timely notice of claim in connection with his libel and defamation claims. He

argues that his failure to file such a notice should be excused because he did not discover the defamatory statements until January 2004. This argument must be rejected because Gaston failed to file a notice of claim within 90 days of his discovery of the false statements in January 2004. Gaston also argues that his failure to file a notice of claim should be excused because he was not aware of the requirement. However, ignorance of the law is not an adequate excuse for failure to file a notice of claim. *See Harris v. City of New York,* 297 A.D.2d 473, 747 N.Y.S.2d 4, 5 (App. Div., 1st Dep't 2002). Accordingly, Gaston's libel and defamation claims are dismissed for failure to file a timely notice of claim.

## B. *TIMELINESS OF GASTON'S TITLE VII CLAIMS*

■ OCME asserts that Gaston's Title VII claims must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because the claims are barred by the applicable statute of limitations. In New York and other states with fair employment agencies, charges pursuant to Title VII must be filed with the EEOC within 300 days of the alleged discriminatory acts. *See Pikulin v. City Univ. of New York,* 176 F.3d 598, 599 (2d Cir.1999). Because Gaston filed his initial charge with the SDHR and the EEOC on July 7, 2004, any claims for injuries accruing from alleged discriminatory acts that occurred prior to September 3, 2003 are time-barred.

■ Gaston alleges that his retaliation claim based on OCME's false negative statements to a federal investigator in June 2002 is not time-barred because he did not discover that the statements were made until January 2004. Relevant authority supports Gaston's position. The statute of limitations for an unlawful employment practice begins to run when the employee "knew or had reason to know of

the injury serving as the basis for his claim." *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999); *see also Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 713 (2d Cir.1996) ("The timeliness of a discrimination claim is to be measured from the date the claimant had notice of the allegedly discriminatory action."); *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980) (explaining that under federal law a cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis for his action"); *Heins v. Potter,* 271 F.Supp.2d 545, 553 (S.D.N.Y.2003) ("The accrual date is not the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff discovers that he or she has been injured.") (*quoting Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380 (3d Cir.1994)).

■ Furthermore, a claim does not accrue "when a person has a mere hunch, hint, suspicion, or rumor of a claim. Rather, accrual occurs when the plaintiff has discovered the critical facts of both his injury and its cause." *Heins,* 271 F.Supp.2d at 545. Pursuant to this authority, the statute of limitations with respect to the statements OCME made to the federal investigator in June 2002 did not begin to run until January 2004. Accordingly, Gaston's claim of retaliation and/or discrimination in connection to these allegedly false statements is not time-barred.

■ Gaston's Complaint alleges a "pattern" of discrimination, raising the question of whether those claims that were discovered prior to September 3, 2003 could be deemed timely under the "continuing violation" exception to the 300–day filing period. The Supreme Court severely limited the application of the continuing violation doctrine in *National R.R. Passenger Corp. v. Morgan ("Morgan"),*

where it held that discrete incidents of discrimination, even if related, do not constitute a "continuing violation." 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The Supreme Court identified "termination, failure to promote, denial of transfer, or refusal to hire" as examples of "discrete discriminatory act[s]." *Id.* The discriminatory and retaliatory acts alleged by Gaston are discrete acts and thus do not constitute a "continuing violation" pursuant to *Morgan.*[1]

 In light of these considerations, the Court concludes that each of the alleged incidents of discrimination or retaliation constitutes a discrete act and that the 300–day time-limit applies to each act distinctly. Thus, Gaston's claims of failure to promote, unfavorable job assignments, denial of rights and benefits of employment, physical threats, and constructive discharge are dismissed as time-barred. Gaston necessarily discovered these injuries prior to his resignation in November 2000. However, Gaston's claims of negative job references and negative statements to potential employers are not time-barred to the extent that Gaston discovered the references or statements after September 3, 2003. Gaston's failure to allege the specific dates that the job references or statements were made or discovered precludes the Court from ruling as to whether particular claims based on job references or statements are time-barred. Therefore, as set forth below, these claims are dismissed without prejudice to Gaston's right to file an amended complaint naming the City of New York as a defendant and providing more details about the dates when particular statements he complains about were made.

## C. *SUBJECT MATTER JURISDICTION*

 OCME asserts that Gaston's claims of discrimination based on race must be dismissed because Gaston failed to exhaust administrative remedies with regard to his discrimination claims, which were not alleged in his SDHR/EEOC charge. A plaintiff in a Title VII action must allege all claims in his EEOC charge in order to exhaust his administrative remedies as to those claims. *See Butts v. City of New York Dep't of Hous. Preservation and Dev.,* 990 F.2d 1397, 1400 (2d Cir. 1993), *abrogated by statute on other grounds, Hawkins v. 1115 Legal Service Care,* 163 F.3d 684, 693 (2d Cir.1998). If a plaintiff fails to exhaust his administrative remedies in connection with a specific claim, his claim will be dismissed. *See id.* However, an unexhausted claim may be heard by a district court if it is "reasonably related" to allegations contained in a charge that the plaintiff filed with the EEOC. *See id.* at 1401. A claim is "reasonably related" to the allegations contained in the charge "where the conduct

---

1. The *Morgan* Court expressly did not rule on whether the continuing violation exception could be applied to "pattern-or-practice" claims (*see Morgan,* at 115, n. 9, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)), leaving open the question of whether the doctrine applies to such claims. Although Gaston asserts that he was the victim of a "pattern of discrimination" (*see* Complaint at 1,) he does not allege a "pattern-or-practice" claim as that term is applied in the relevant authority. "Pattern-or-practice" claims involve multiple incidents of discrimination against individuals in a particular protected class arising from a discriminatory policy or mechanism, such as a seniority system or an employment test. *See Robinson v. Metro–North Commuter R.R. Co.,* 267 F.3d 147, 153 (2d Cir.2001); *Fitzgerald v. Henderson,* 251 F.3d 345, 359 (2d Cir.2001); *Sundaram v. Brookhaven Nat. Laboratory,* No. 94 Civ. 2330, 2006 WL 1020188, at *4 (E.D.N.Y. March 29, 2006). Gaston does not allege that the incidents arose from a discriminatory policy or mechanism. Therefore, Gaston's claim is not a "pattern-or-practice" claim.

complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 1402 (*quoting Smith v. American President Lines, Ltd.,* 571 F.2d 102, 107 n. 10 (2d Cir.1978)).

 The Complaint asserts that the negative job references and statements to employers constituted either retaliation or discrimination, while Gaston's EEOC charge alleges only retaliation. The discrimination alleged in the Complaint is "reasonably related" to the retaliation claim set out in the EEOC charge because both claims arise from the same conduct. Thus, the conduct complained of would necessarily fall within the scope of an EEOC investigation of claims contained in the EEOC charge. Therefore, Gaston's discrimination claims are not barred by a failure to exhaust administrative remedies.

### D. *OCME'S LEGAL STATUS*

 OCME argues that the Complaint must be dismissed because Gaston names the New York City Department of Health Office of the Chief Medical Examiner as the sole defendant in the action. Under the New York City Charter, "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. Thus, the OCME is not a suable entity, and claims against OCME are subject to dismissal. *See McAllister v. New York City Police Dep't,* No. 97 Civ. 7420, 1998 WL 314732, at *1–2 (S.D.N.Y. June 15, 1998); *Campbell v. Dep't of Corr. of New York City,* No. 95 Civ. 3242, 1996 WL 79869 (S.D.N.Y. Feb.26, 1996); *Carmody v. City of New York,* No. 05 Civ. 8084, 2006 WL 1167882 (S.D.N.Y. May 3, 2006). *But see Robinson*

*v. City of New York,* No. 00 Civ. 0426, 2002 WL 188353, at *2 (S.D.N.Y. Feb. 6, 2002) (holding that New York Police Department can be sued for employment discrimination). Pursuant to this authority, those Title VII claims that are not dismissed herein as time-barred, *e.g.,* Gaston's claims alleging retaliation in the form of negative job references or statements to potential employers, are dismissed without prejudice for failure to name a suable entity. As noted above, Gaston's failure to name a suable entity is a mere technicality easily corrected by amendment of the Complaint. *See Ghosh,* 2006 WL 298743 at *13. Therefore, Gaston's claims alleging retaliatory or discriminatory negative job references or statements made to employers are dismissed without prejudice to Gaston's filing an amended complaint as to those claims, naming the City of New York as a defendant, within thirty days of the date of this Order.

### V. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion of defendant, the New York City Department of Health Office of the Chief Medical Examiner ("OCME") (Docket No. 5) to dismiss the complaint of the plaintiff, Kanal V. Gaston ("Gaston") pursuant to Federal Rule Civil Procedure 12(b)(1) and 12(b)(6), is GRANTED as follows: (1) Gaston's libel and defamation claims are dismissed with prejudice for failure to timely file a Notice of Claim; (2) Gaston's Title VII claims alleging failure to promote, unfavorable job assignments, denial of rights and benefits of employment, physical threats, and constructive discharge are dismissed with prejudice as time-barred; (3) Gaston's Title VII claims alleging retaliation in the form of negative statements to potential employers and negative job references are

dismissed without prejudice on the ground of failure to name a suable entity and to state the specific dates such statements were made. And it is further

**ORDERED** that, within thirty days of the date of this Order, Gaston may file an amended complaint with respect to claims alleging retaliatory or discriminatory job references or statements to employers, naming the City of New York as a defendant and stating the dates of such statements.

**SO ORDERED.**