Mohammad **SAIDIN**, Plaintiff,

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION et al., Defendants.**

No. 06 Civ. 6974(VM).

United States District Court, S.D. New York.

July 27, 2007.

Mohammad Saidin, Bronx, NY, pro se.

Ivan A. Mendez, Jr., NYC Law Department, Office Of The Corporation Counsel, New York, NY, for N.Y. City Dept. of Educ.

Ivan A. Mendez, Jr., NYC Law Department, Office Of The Corporation Counsel, New York, NY, Melinda G Gordon, New York State United Teachers, Off. of Gen. Counsel, New York, NY, for United Federation of Teachers.

Claude Michael Higgins, New York State Office Of The Attorney General, New York, NY, Ivan A. Mendez, Jr., NYC Law Department, Office of The Corporation Counsel, New York, NY, for Public Employees Health And Safety.

### DECISION AND ORDER

MARRERO, District Judge.

Pro se plaintiff Mohammad Saidin ("Saidin") brought this action against defendants New York City Department of Education ("DOE"), the United Federation of Teachers ("UFT"), and the Public Employee Health and Safety Administration ("PEHS")[1] asserting claims of employment discrimination and retaliation because of race, religion, national origin, age and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 et seq. DOE, the UFT and PEHS move to dismiss Saidin's Amended Complaint. For the reasons stated below the motions are GRANTED.

### I. FACTS

In reviewing Saidin's original complaint, which was filed with the Court on June 30,

---

1. PEHS is an agency of the State of New York within the State's Department of Labor.

2006, Chief Judge Kimba Wood noted that because Saidin's pleadings appeared so confused, vague or otherwise unintelligible, the Court was unable to discern from the allegations what Saidin was asserting and what claims he was pursuing. Nonetheless, Saidin was granted leave to file an amended complaint. Saidin's Amended Complaint, filed with the Court on November 21, 2006, does not offer much more by way of clarity. Based on what may be gleaned from the revised complaint and several materials attached to it, Saidin's grievance relates to DOE's denial of his application for a teaching license in December, 2003 and rejection of his appeal of that decision in February, 2004, by reason of Saidin's overall unsatisfactory performance ratings at three different schools to which he had been assigned in 1993, 1999 and 2000.

Claiming that the denial of his appeal for a teaching license was motivated by unlawful discrimination because of race, religion, national origin, age and disability, Saidin filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") on October 1, 2004. EEOC dismissed the charge and issued a Right to Sue Letter dated February 17, 2005.

Saidin further alleges that he was hired by the DOE again on November 29, 2004 as a teacher of English as a Second Language ("ESL") and assigned to Norman Thomas High School ("Norman Thomas"), from which he was terminated two weeks later because he did not have a valid DOE license to teach ESL. While there, according to Saidin, the principal denied him an accommodation for disabilities that Saidin claims stem from asthma and related breathing difficulties. He further alleges subsequent acts of discrimination in July 2005 by DOE's denying him a teaching license and failing to rehire him. As a result of that action, Saidin filed another charge with EEOC on March 24, 2006 claiming some act of retaliation that allegedly followed his EEOC charge of October 2004 and that involved his having been replaced as an ESL teacher at Norman Thomas on December 9, 2004 by a much younger teacher who did not have an ESL license. On April 5, 2006, he was issued a Right to Sue Letter, which was addressed only to Saidin and DOE, relating to this charge.

As regards the UFT, the essence of Saidin's complaint appears to be that although the union stated in one of its informative publications for members that three consecutive unsatisfactory teaching ratings does not result in denial of tenure or immediate dismissal of the employee, it discriminated against Saidin by failing to represent him fairly during a grievance he filed challenging the denial of his teaching license, and thus failed to obtain for him the benefits of its successful strategies on behalf of other employees. Saidin also alleges that a UFT agent conspired with the principal of Norman Thomas to deprive him of reinstatement of his teaching position at Norman Thomas.

As regards PEHS, on March 16, 2005, about three months after the termination of his employment at Norman Thomas, Saidin sent to PEHS a complaint alleging that during his teaching assignment at Norman Thomas he had become ill by reason of chalk dust in the classroom. PEHS sent an inspector on April 2005 to conduct an investigation, which concluded that conditions recorded in the classroom did not violate any applicable standard. PEHS so informed Saidin by letter dated May 27, 2005 and did not proceed with further investigation. Saidin's March 24, 2006 EEOC charge makes reference to his alleged allergy to chalk dust and the complaint he filed with PEHS, but does not

assert any unlawful discriminatory action by PEHS connected with his charge. In the Amended Complaint Saidin alleges that the PEHS inspector's failure to respond to questions Saidin posed in subsequent correspondence with PEHS, which sought more detailed explanation of PEHS's consideration of his complaint, had caused the DOE and the UFT to make no accommodation for Saidin's alleged disabilities related to asthma and breathing problems.

## II. *STANDARD OF REVIEW*

■ In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint broadly, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.1994) (quotation marks and citation omitted). The Court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

■ Where a plaintiff is proceeding pro se, a more lenient standard applies in assessing the sufficiency of the pleadings on a motion to dismiss the complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The pro se submissions should be read liberally and interpreted "to raise the strongest arguments that they suggest." *Burgos v. Hop-*

*kins*, 14 F.3d 787, 790 (2d Cir.1994). But pro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure. *See Praseuth v. Werbe*, 99 F.3d 402, 1995 WL 746946 (2d Cir.1995) ("Failure to comply with Rule 8(a) may result in dismissal of a complaint, even if the pleader is proceeding pro se.") (*citing Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972)).

## III. *DISCUSSION*

### A. *DOE CLAIMS*

■ DOE argues that Saidin's claims under Title VII, the ADEA and the ADA are time-barred because they relate to alleged unlawful conduct that occurred beyond the applicable period of limitations. The Court agrees. Under these statutes, a charge of employment discrimination must be filed with the EEOC within 300 days of the date on which the claims accrue, which is when the plaintiff knew or with the exercise of due diligence could have known that the employment action giving rise to the charge had occurred. *See Gaston v. New York City Dep't of Health*, 432 F.Supp.2d 321, 327 (S.D.N.Y. 2006); *Francis v. Blaikie Group*, 372 F.Supp.2d 741, 746 (S.D.N.Y.2005), *aff'd*, 177 Fed.Appx. 121 (2d Cir.2006).

Here, Saidin's EEOC charge on which this action is grounded was filed on March 24, 2006.[2] Accordingly, any claims regarding alleged unlawful employment discrimination that accrued prior to May 28, 2005 would be barred.

The core of Saidin's claims arising under Title VII and ADEA pertains to DOE's decision in December of 2003 denying his application for a teaching license, the ap-

**2.** Saidin cannot rely on his earlier EEOC charge which resulted in a right to sue letter issuing February 17, 2005 because he did not file suit within 90 days of receipt of that notice.

peal of which was rejected by DOE on February 13, 2004. Using either of these dates as the starting point for statute of limitation purposes would place the accrual of Saidin's claims well beyond the May 28, 2005 deadline for challenging these actions in an EEOC charge. Similarly, Saidin's ADA claim arising from this teaching assignment at Norman Thomas accrued when he was terminated in December, 2004, and thus is time-barred as well.

■ Saidin asserts that DOE again failed to hire him for discriminatory reasons on July 13, 2005 when it responded to a June 24, 2005 inquiry Saidin had sent requesting a copy of DOE's letter of February 13, 2004 denying his appeal. In the July 13, 2005 letter, DOE does nothing more than confirm that Saidin's appeal was originally denied on February 13, 2004, attaching a copy of the denial letter. As DOE correctly argues, this correspondence is insufficient to constitute a viable new claim of unlawful discrimination, or to revive claims already barred, even if it were construed as a request for reconsideration. *See Delaware State College v. Ricks,* 449 U.S. 250, 261, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Yip v. Board of Trustees of State Univ. of N.Y.,* No. 03 Civ. 0959C, 2004 WL 2202594, at *5 (W.D.N.Y. Sept.29, 2004).

■ Finally, while Saidin's complaint makes a general conclusory statement that DOE retaliated against him allegedly for its having been contacted by EEOC in connection with the charge he filed on October 1, 2004, he provides no more factual detail describing what specific act of retaliation he refers to, when it occurred, which DOE official had knowledge of his EEOC charge and who actually engaged in the claimed retaliation. Such vague, conclusory pleadings are insufficient to withstand a motion to dismiss a complaint for failure to state a claim upon which relief may be granted. *See Ramos v. New York City Dep't of Corr.,* No. 05 cv 223, 2006 WL 1120631, at * 7 (E.D.N.Y. April 26, 2006) ("Notwithstanding the liberal pleading standard in Title VII cases (especially for pro se litigants), the complaint as written does not describe any factual allegations to support the vague and conclusory assertion that the treatment he received by DOC was a result of his race."); *Valle v. Bally Total Fitness,* No. 01 cv. 11614, 2003 WL 22244552, at * 3 (S.D.N.Y. Sept.29, 2003) ("Plaintiff's allegations state that he was wrongfully terminated without any legal right or justification; however, Plaintiff fails to incorporate any factual allegations that would indicate how his race, gender, age or national origin played a role in Bally's decision to terminate his employment."). Moreover, Saidin did not commence any court action based on that charge within 90 days of receiving the Right to Sue Letter from EEOC dated February 17, 2005. To that extent any claim now grounded on that charge is also time-barred.

## B. *UFT CLAIMS*

■ The UFT moves to dismiss Saidin's claims against it under Title VII, the ADEA and ADA on the grounds that the UFT was not named as a respondent in the EEOC's April 5, 2006 Right to Sue Letter, which as issued was forwarded solely to the DOE as the named defendant, and that the substance of Saidin's charge contains no specific allegation of wrongful conduct by the UFT. Saidin's Second Amended Complaint provides no further factual detail concerning the UFT's role in the acts of unlawful discrimination in employment he asserts in his Title VII, ADEA and ADA claims in this action. Nor does it specify any actions by the UFT that suggest a plausible inference of discrimination because of race, religion,

national origin, age or disability. A Right to Sue Letter is a prerequisite to the filing of a Title VII claim. *See* 42 U.S.C. § 2000e–5(f)(1). Saidin has not produced such a letter as to the UFT, nor demonstrated that prior to filing the instant action he made good faith efforts to obtain one or to raise his failure to do so for good cause so as to obtain a waiver of the requirement. *See Gonzalez v. City of New York,* 354 F.Supp.2d 327, 332 n. 12 (S.D.N.Y.2005).

■ With an Affirmation submitted in response to the UFT's motion, Saidin attaches a copy of the EEOC charge he filed in which he lists the UFT as a party. The document, which provides no evidence that it was served on the UFT, nonetheless contains no allegations that specify what role the UFT played in Saidin's charge of unlawful discrimination. Moreover, even if the UFT could be considered an unnamed party in the EEOC proceeding, Saidin's claim in this action would still fail because there is no evidence of a clear identity of interest between the UFT and the DOE for the purposes of enabling this case to proceed against the UFT. *See Vital v. Interfaith Med. Center,* 168 F.3d 615, 619 (2d Cir.1999); *Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir.1991); *Gonzalez.v. Bratton,* No. 96 Civ 6330, 2000 WL 1191558, at *26 (S.D.N.Y. Aug.22, 2000)

■ The UFT further challenges Saidin's allegations against it insofar as they may be read to assert a claim of breach of the duty of fair representation under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 et seq.. The UFT argues that the Court lacks subject matter jurisdiction to review such a claim, which would be time-barred even if properly asserted. The Court agrees. The LMRA excludes from its definition of the term "employer" any State or political subdivision of a state. *See* LMRA § 152(2).

On this basis, actions brought by employees against unions asserting claims under LMRA § 301, 29 U.S.C. § 185, asserting breach of the duty of fair representation have been dismissed. *See, e.g., Harris v. United Federation of Teachers,* No. 02 cv 3257, 2002 WL 1880391, at *1 (S.D.N.Y. Aug.14, 2002); *Corredor v. United Federation of Teachers,* No. 96 cv 0428, 1997 WL 122877, at *1 (S.D.N.Y. Mar.18, 1997). On this authority, this Court dismisses any claim Saidin alleged for breach of the duty of fair representation insofar as grounded on the LMRA.

■ Substantively, other than vague conclusory assertions that the UFT representative and a DOE official conspired in December of 2004 to replace Saidin as an ESL teacher with a much younger person lacking an ESL license, the Court finds nothing in Saidin's Amended Complaint that, even read in the light most favorable to him, provides sufficient grounds supporting a claim of the breach of the duty of fair representation. Such a claim must be based on actions demonstrating substantial conduct that is discriminatory, arbitrary or taken in bad faith. *See Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Neither a union's decision not to pursue an employee's grievance to every level of the applicable procedure, nor the employee's dissatisfaction with the manner in which the union conducted the representation, constitutes sufficient grounds warranting a finding of a breach of the duty of fair representation. *See Ponticello v. County of Suffolk,* 225 A.D.2d 751, 640 N.Y.S.2d 169 (2d Dep't 1996). Because Saidin's Amended Complaint falls far short of these standards as to this claim against the UFT, it must be dismissed.

## C. *PEHS CLAIMS*

Saidin's only mention of any involvement by PEHS in this litigation relates to a

690

complaint about exposure to chalk dust in the classroom during his employment as a teacher at Norman Thomas. Because Saidin's employment with DOE had ended in December, 2004, three months before the date of that complaint, PEHS informed him that it was not authorized to continue its investigation. PEHS was not named as a respondent in Saidin's EEOC charge, nor is there any indication that it has an identity of interest with any of the other defendants. Accordingly, Saidin has failed to satisfy a prerequisite for pursuing an employment discrimination claim against PEHS under Title VII, the ADEA or the ADA. *See Vital,* 168 F.3d at 619.

 Moreover, insofar as Saidin purports to sue the State or an agency of the State under the ADA, such an action seeking monetary damages is barred by state immunity under the Eleventh Amendment of the United States Constitution. *See Board of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 372–74, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

Finally, the facts Saidin asserts in the Amended Complaint are insufficient to plead a claim against PEHS under Title VII, the ADEA or the ADA, as PEHS was not Saidin's employer or union or an agent of the employer or union and had no direct involvement in any aspect of the unlawful employment discrimination Saidin alleges. *See* 42 U.S.C. § 2000e; 29 U.S.C. § 623; 42 U.S.C. §§ 12111(2).

Because Saidin was already permitted to amend his complaint to provide more factual details about his claims, and he has failed to do so as to his allegations against PEHS, this claim must be dismissed.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motions of defendants New York City Department of Education (Docket No. 34), and United Federation of Teachers (Docket No. 18), and Public Employees Health and Safety (Docket No. 28) to dismiss the complaint of plaintiff Mohammad Saidin herein are GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**