Mohammad SAIDIN, Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION et al., Defendants.

No. 06 Civ. 6974(VM).

United States District Court, S.D. New York.

Sept. 12, 2007.

Mohammad Saidin, Bronx, NY, pro se.

Ivan A. Mendez, Jr., NYC Law Department, Office of the Corporation Counsel, Me-

linda G. Gordon, New York State United Teachers, Off. of Gen. Counsel, Claude Michael Higgins, New York State Office of the Attorney General, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND

By Decision and Order dated July 27, 2007 (the "Order")[1], the Court granted the motion of defendants New York City Department of Education ("DOE"), United Federation of Teachers ("UFT"), and Public Employee Health and Safety Administration ("PESH") (collectively "Defendants"), to dismiss the amended complaint of pro se plaintiff Mohammad Ariff Saidin ("Saidin") pursuant to Federal Rule of Civil Procedure 12(b)(6) and directed that this case be closed. The Court determined that Saidin failed to demonstrate that Defendants had violated any of Saidin's rights under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, or the Americans with Disabilities Act of 1990.

Saidin now moves for an order pursuant to Local Civil Rule 6.3 granting reconsideration. Saidin's submission in support of the instant motion reiterates essentially the same arguments made in underlying matter, points that this Court fully considered and found meritless.

### II. STANDARD OF REVIEW

■ Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000) (citations and quotation omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). "The major

grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). To these ends, a request for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

■ Local Rule 6.3 is intended to " 'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

### III. DISCUSSION

■ Saidin urges reconsideration on the basis of the same arguments that were raised in the original pleadings and in Saidin's opposition to Defendants' motions to dismiss. The motion at hand cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. Indeed, the Court fully took into account and rejected the vari-

---

1. The Decision and Order is reported as *Saidin v. New York City Dept. of Edu.*, 498 F.Supp.2d 683 (S.D.N.Y.2007).

ous considerations Saidin now asserts as grounds for this motion.

Specifically, Saidin asserts that the Court overlooked his allegations concerning the role played by the UFT in DOE's denial of Saidin's teaching license, as well as its alleged failure to provide a reasonable accommodation to Saidin's allergies to chalk dust. The Court's decision, however, discussed those issues at length. *See Saidin*, 498 F.Supp.2d at 688–89. In other respects the allegations and arguments Saidin raises in his motion were sufficiently considered by the Court on the merits.

Because Saidin has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider and that would alter the Court's earlier ruling, his motion for reconsideration is DENIED.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion to plaintiff Mohammad Ariff Saidin for reconsideration (Docket No. 42) of the Court's Decision and Order dated July 27, 2007, is DENIED.

**SO ORDERED.**