**Mohammad Ariff SAIDIN, Plaintiff,**

v.

**UNITED FEDERATION OF TEACHERS, Defendant.**

**No. 07 Civ. 8836.**

United States District Court,
S.D. New York.

Nov. 16, 2007.

Mohammad Ariff Saidin, Bronx, NY, pro se.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se Plaintiff Mohammad Ariff Saidin ("Saidin") brought this action asserting claims of unlawful employment discrimination practices against defendant United Federation of Teachers ("UFT") arising from the denial by the New York City Department of Education ("DOE") of Saidin's application for a teaching license and DOE's rejection of his appeal of that decision. In a previous lawsuit filed against the UFT, DOE and other defendants essentially grounded on the same circumstances and claims he raises in the instant action, Saidin filed an amended complaint following the dismissal of his action with leave to replead because the Court found Saidin's allegations too confused, vague or otherwise unintelligible. By Decision and Order dated July 27, 2007 (the "Decision")[1] the Court granted a motion to

---

1. The Decision is reported as *Saidin v. New York City Dep't of Educ.,* 498 F.Supp.2d 683 (S.D.N.Y.2007).

dismiss Saidin's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Saidin then moved for reconsideration of the Decision. The Court denied that motion by Order dated September 12, 2007.

By Order dated November 2, 2007 (the "Order") the Court directed Saidin to show cause by November 15, 2007, as to why this action should not be dismissed as barred by application of the doctrine of res judicata. On November 15, 2007 Saidin filed with the Court's Pro Se Office a document labeled "Notice of Claim." This document essentially restates matters Saidin had previously asserted in the complaint in his earlier action as well as in the pleadings in this case. Saidin then poses a series of questions about the merits of his case and the documents attached to his complaint that he apparently addresses to the Court for answers. To this extent Saidin has failed to respond directly to the Court's Order.

Specifically as regards the UFT, in its prior ruling the Court found, among other grounds for dismissal, that the complaint failed to indicate that Saidin had obtained a Right to Sue Letter from the United States Equal Employment Opportunity Commission ("EEOC") and did not assert a sufficient identity of interest between the UFT and the DOE to warrant imposing liability on the UFT for the actions the DOE took as Saidin's employer. *See Saidin,* 498 F.Supp.2d at 689 (*citing Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 619 (2d Cir.1999)). The Court also ruled that Saidin had not met the standard to state a sufficient claim based on a union's violation of the duty of fair representation under the federal Labor Management Relations Act. *See id.*

While in connection with the instant action Saidin attaches an EEOC Right to Sue Letter dated June 12, 2007, in other respects Saidin's pleadings and the materials he attached with the complaint in support of this action essentially amount to the same matters that he raised in the previous case and that the Court considered and rejected as insufficient to state a valid claim. Insofar as his new complaint in substance restates issues and claims that the Court has already adjudicated, it is deficient and thus warrants dismissal under the doctrine of res judicata. *See Teltronics Servs., Inc. v. L M Ericsson Telecomms., Inc.,* 642 F.2d 31, 36 (2d Cir.), *cert. denied sub nom. Teltronics Servs., Inc. v. L.M. Ericsson Telecomms., Inc.,* 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981) (action dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim barred subsequent suit asserting the same claims).

## ORDER

The Clerk of Court is directed to enter judgment dismissing the complaint of Plaintiff Mohammad Ariff Saidin in this action and to close this case.

**SO ORDERED.**