**Darrell GOVIA, Plaintiff,**

v.

**CENTURY 21, INC., Defendant.**

**No. 00 CIV. 9702(JSR).**

United States District Court,
S.D. New York.

May 11, 2001.

**324**

Joseph Ranni, New York City, for plaintiff.

A. Robert Fischer, Stamford, CT, for defendant.

### MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff Darrell Govia, a black man of Trinidadian descent, alleges that he and other "dark skinned" security officers in the Loss Prevent Department of defendant Century 21, Inc. have been repeatedly passed-over for promotion in favor of lighter-skinned minorities and whites. In response to initial motion practice directed at the alleged absence of certain jurisdictional pleadings, plaintiff filed an Amended Complaint alleging, *inter alia*, that he had filed the requisite Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 8, 1999 and that on October 2, 2000 the EEOC issued a "right to sue" letter conferring jurisdiction on this Court. *See* Amended Complaint, ¶¶ 6–9. Defendant then moved to dismiss, arguing that the Amended Complaint failed to state a claim for racial discrimination in employment or, at a minimum, that all claims of discrimination based on employment decisions made by defendant prior to January 1999, *i.e.*, more than 300 days before the date on which the EEOC charge was filed, were time-barred. *See* 42 U.S.C. § 2000e–5(e)(1).

■ As to the first ground, defendant contends that a claim for discrimination cannot lie because the plaintiff "admits" in the Amended Complaint that other minorities in the Loss Prevention Department were promoted, *see* Amended Complaint, ¶¶ 26, 31, 32, and that plaintiff has received positive evaluations of his job performance in the past, *see id.* at ¶¶ 19–21, 27. Read most favorably to the plaintiff, however, the Amended Complaint alleges that defendant gave promotional preference to whites and "lighter skinned" minorities, while discriminating against him and other "darker skinned" minorities on the basis of color. *See* Amended Complaint, ¶¶ 16, 18, 29, 31, 40, 44(g), 45, 46, 47, 50, 52. This is sufficient at this stage to state a claim for discrimination in employment under Title VII. *See, e.g., St. Francis College v. Al–Khazraji,* 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Walker v. Sec'y. of Treasury,* 713 F.Supp. 403, 406 (N.D.Ga.1989). As for the allegations that plaintiff was praised by defendant for his good performance, they are simply alleged as evidence that plaintiff, having been so praised, was nevertheless not promoted on

discriminatory grounds. *See* Amended Complaint, ¶¶ 21, 33.

As to the second ground, a Title VII plaintiff is normally barred from premising a claim for discrimination on acts that occurred more than 300 days before his filing with the EEOC. *See* 42 U.S.C. § 2000e–5(e)(1).[1] Although plaintiff seeks to invoke the "continuing violation" doctrine that carves out a narrow exception to these time limits, the Amended Complaint fails to allege any basis for so doing, even under the very modest requirements of notice pleading.

 Ordinarily, indeed, failures to promote are discrete acts that do not give rise to a "continuing violation." *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir.1997); *Alleyne v. Four Seasons Hotel–New York*, 2001 WL 135770, *8 (S.D.N.Y., Feb. 15, 2001). Here, nothing in the specific incidents of alleged failures to promote set forth in the Amended Complaint, *see* Amended Complaint, ¶¶ 26, 29, 31, 35, suggests anything that would distinguish them from that ordinary principle. Moreover, the allegations of the Amended Complaint show that in each such instance the plaintiff was on notice of the alleged discrimination at the time, yet failed to file any Charge with the EEOC until November 8, 1999. To permit plaintiff to invoke the "continuing violation" doctrine in such circumstances would subvert the underlying purpose of the time limit, which is "to ensure expedition in the filing and handling of [claims of discrimination]." *Love v. Pullman Co.*, 404 U.S. 522, 526, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Accordingly,

while plaintiff may still seek discovery regarding the alleged incidents that occurred before January 12, 1999 as bearing on the issue of intent, he may not premise liability itself on any such incident or seek to recover damages with respect to it.

Finally, it may be noted that, subsequent to being apprised of these rulings, plaintiff filed a Second Amended Complaint and then a Third Amended Complaint, adding cognate state causes of action, *see* transcript of conference, April 27, 2001, and seeking to conform the pleadings to the Court's rulings, *see* Stipulation, May 7, 2001. No further amendments will be permitted.

For the foregoing reasons, the Court hereby (a) denies defendant's motion to dismiss the action in its entirety for failure to state a claim, (b) grants defendant's motion to dismiss any claims of employment discrimination premised on events occurring prior to January 12, 1999, and (c) permits the filing of the Third Amended Complaint on the condition that no further amendments be filed.

SO ORDERED.

---

**1.** The limitation is 180 days unless there is also a filing with the corresponding state agency. *See* 42 U.S.C. § 2000e–5(e)(1). However, pursuant to provisions of a Work Sharing Agreement in effect between the New York State Division of Human Rights ("NYSDHR") and the EEOC, the cross-filing is deemed to have constructively occurred whenever a New York complainant files with either agency, and so the 300–day period is applicable here. *See, e.g., Favia v. New York City Bd. of Educ.*, 2000 WL 1229885, *2, n. 2 (S.D.N.Y. Aug.29, 2000); *Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 567 (E.D.N.Y.1999); *Charlotten v. The May Dep't Stores Co.*, 1998 WL 635547, *2 (S.D.N.Y. Sept.16, 1998).