MacEntee v. IBM

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand twelve.

PRESENT:
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges,*
> SHIRA ANN SCHEINDLIN,[*]
> > *District Judge.*

---

Susan M. MacEntee,

> *Plaintiff-Appellant*,
>
> v.                                        11-1456

IBM (International Business Machines),

> *Defendant-Appellee*.

---

FOR PLAINTIFF -APPELLANT:          Susan M. MacEntee, *pro se*, Highland, NY.

FOR DEFENDANT -APPELLEE:          Kevin G. Lauri, Dana G. Weisbrod, Jackson Lewis LLP, New York, NY.

---

[*]Judge Shira Ann Scheindlin, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Susan M. MacEntee, *pro se*, appeals the district court's judgment granting Appellee International Business Machines's ("IBM") motion under Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss her complaint, which alleged, *inter alia*, failure to accommodate and harassment under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.*, and discrimination under New York State Human Rights Law, N.Y. Exec. Laws §§ 290-97, all arising out of her disability in the form of depression. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also Miller v. Wolpoff & Abramson*, *L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We also review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(1). *Scherer v. Equitable Life Assur. Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003). In addition, we have long held that "when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally," *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)), and must interpret them "to raise the strongest arguments that they suggest," *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)

2

(citation omitted)).  Indeed, "[t]his is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated."  *Sealed Plaintiff*, 537 F.3d at 191.

Here, while MacEntee's failure to follow the rules of this Court in preparing her briefs and appendix have made appellate review of her claims challenging, we nonetheless proceed to consider the merits of her appeal.  *See id.*  In that regard, a review of the record and relevant case law leads us to conclude that the district court properly dismissed MacEntee's complaint, and we affirm the district court's judgment for substantially the same reasons set forth in its thorough and well-reasoned decision.  *See MacEntee v. IBM*, 783 F. Supp. 2d 434 (S.D.N.Y. 2011).

As noted by the district court, all of MacEntee's claims fail as a matter of law.  With respect to MacEntee's failure to accommodate claim, IBM accommodated her disability, and following transfer to a different department, MacEntee continued to be accommodated.  Thus her claim fails as a matter of law.  *See, e.g.*, *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004) (the *prima facie* burden for a discrimination claim under the ADA requires, *inter alia*, a showing that the employer refused to make a reasonable accommodation such that plaintiff could not perform essential job functions).

MacEntee's retaliation action fails as a matter of law because the alleged retaliatory actions—close supervision of her time entries and workplace conduct—are not cognizable "adverse employment actions."  As for her harassment claim, the single, derogatory remark that she claims was directed at her is not sufficiently severe to "to make out a case of employment discrimination."  *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998).

We have considered MacEntee's other arguments on appeal and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.  It is further

3

**ORDERED** that MacEntee's motion to amend her appendix to include certain papers that she filed in district court is **DENIED** as moot, as she filed an earlier, substantially identical motion that we have already granted.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk