16-3588-cv
Moy v. Perez

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand seventeen.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
          SUSAN L. CARNEY,
                              *Circuit Judges*.
---
SHUITHOL MOY,
                    *Plaintiff-Appellant*,


          v.                                    No. 16-3588-cv


SECRETARY THOMAS E. PEREZ, DEPARTMENT OF
LABOR,
                    *Defendant-Appellee*.
---

FOR APPELLANT:              Chinyere Okoronkwo, Law Office of Chinyere Okoronkwo, New York, New York.

FOR APPELLEE:               Jacob Lillywhite, Christopher Connolly, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern

District of New York (William H. Pauley III, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 22, 2016, is AFFIRMED.

Plaintiff Shuithol Moy, a male investigator in the Department of Labor's ("DOL's") Wage and Hour Division, appeals from the partial dismissal of his complaint and the later grant of summary judgment in favor of the DOL on his claims of failure-to-promote sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Specifically, Moy alleged that (1) he was not promoted to Assistant District Director of DOL's New York District Office because he is a man, and (2) his supervisors retaliated against him after he complained that the promotion decision was discriminatory.

We review *de novo* an award of summary judgment and will affirm only if the record, viewed in the light most favorable to the non-movant, shows no genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014). Similarly, we review *de novo* the dismissal of a complaint, accepting the alleged facts as true and drawing all reasonable inferences in plaintiff's favor. *See Barrows v. Burwell*, 777 F.3d 106, 111 (2d Cir. 2015). Nevertheless, "bald assertions and conclusions of law will not suffice" to avoid dismissal, *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (internal quotation marks omitted), nor will factual "allegations that are wholly conclusory," *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). Rather, a complaint must plead sufficient "factual content" to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In

applying these standards here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court in its December 4, 2015 and September 21, 2016 decisions and orders. *See Moy v. Perez*, No. 15-CV-32 (WHP), 2016 WL 5239611 (S.D.N.Y. Sept. 21, 2016); *Moy v. Perez*, No. 15-CV-32 (WHP), 2015 WL 9256991 (S.D.N.Y. Dec. 4, 2015).

1.     Retaliation Claims

To survive a motion to dismiss on his Title VII retaliation claim, Moy had to plead a *prima facie* case that (1) he participated in a protected activity, (2) the DOL knew of his participation, (3) he was subject to an adverse employment action, and (4) there was a causal connection between participation in the protected activity and the adverse employment action. *See Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). In this context, retaliation must be a "but-for" cause of the adverse employment action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). In effect, this means "that the adverse action would not have occurred in the absence of the retaliatory motive" even if it was not "the only cause of the employer's action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

Like the district court, we conclude that, to the extent Moy characterizes the adverse promotion decision as a retaliatory adverse employment action, his claim fails because he does not allege prior participation in a protected activity. Indeed, the DOL's decision not to promote him took place in March 2011, and, afterward, Moy requested counseling with the DOL's EEO in May 2011, filed a formal EEO complaint in August

2011, and participated in EEO mediation in October 2011. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25 (2d Cir. 2014) ("Title VII does not require that a causal connection exist between a protected activity and an adverse employment action that occurred *before* that activity." (emphasis in original)).  Insofar as Moy contends that his contribution to a 2010–2011 "climate survey" constituted a protected activity, his claim fails because no complaint allegations suggest that such activity entailed opposition to a practice prohibited by Title VII. *See Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015) ("The opposition clause makes it unlawful for an employer to retaliate against an individual because she opposed any practice made unlawful by Title VII, while the participation clause makes it unlawful to retaliate against an individual because she made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." (internal quotation marks omitted)).

Moreover, none of Moy's grievances about his treatment at work after his EEO counseling in May 2011 rise to the level of a materially adverse employment action necessary to plead a *prima facie* case. *See Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 209 (2d Cir. 2006) (stating that adverse employment action is one that "could well have dissuaded a reasonable employee in [plaintiff's] position from complaining of unlawful discrimination"); *see also Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d at 25 ("[A]ctions that are trivial harms—*i.e.,* those petty slights or minor annoyances that often take place at work and that all employees experience—are not materially adverse." (internal quotation marks omitted)).  Moy alleges that (1) his

4

supervisors "micromanaged" him and subjected his work to "heightened scrutiny," J.A. 19; (2) he received a less positive performance evaluation than he had in past years; and (3) his supervisors did not follow several DOL protocols in bestowing that evaluation.

Such treatment, "considered both separately and in the aggregate," *Hicks v. Baines*, 593 F.3d at 165, would not dissuade a reasonable employee from "'making or supporting a charge of discrimination.'" *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). Given that Moy's performance evaluation was still positive (albeit less positive than in previous years), neither the evaluation nor the circumstances surrounding its issuance plausibly make out an adverse employment action. *See Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011) (noting that, in evaluating whether employment action is materially adverse, "some actions may take on more or less significance depending on the context"); *see also Byrne v. Telesector Res. Grp., Inc.*, 339 F. App'x 13, 17 (2d Cir. 2009) (concluding that because satisfactory performance evaluation was still positive, it was not adverse employment action in Title VII retaliation context, even though evaluation was lower than in previous years). In addition, the alleged close supervision constitutes "trivial harm[]" that would not interfere with a reasonable employee's exercise of Title VII rights. *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d at 570 (observing that "criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action" (internal quotation marks omitted)); *see MacEntee v. IBM*, 471 F. App'x 49, 50 (2d Cir. 2012) (holding that

5

"alleged retaliatory actions—close supervision of her time entries and workplace conduct—are not cognizable 'adverse employment actions'").

In sum, the district court properly dismissed Moy's retaliation claim.

2.      Failure-To-Promote Claim

Title VII failure-to-promote claims are governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).  *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015).  To carry his *prima facie* burden at the summary judgment stage, Moy had to adduce evidence that (1) he is a member of a protected class, (2) he applied and was qualified for a job for which the employer was seeking applicants, (3) he was rejected for the position, and (4) the circumstances give rise to an inference of discrimination based on membership in the protected class.  *See Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009); *Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006).  Upon such a showing, the burden shifted to the DOL to articulate a legitimate, non-discriminatory reason for its action.  *See Littlejohn v. City of New York*, 795 F.3d at 307.  Then, "the final and ultimate burden [was] on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination."  *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014).

We conclude, as the district court did, that Moy's claim fails because he did not proffer evidence to rebut defendant's legitimate, non-discriminatory reason for not promoting him, namely, the superior interpersonal skills and performance history of Debbie Lau, the selected employee.  On appeal, Moy asserts that his qualifications far

surpass those of Lau, thereby demonstrating that the DOL's explanation was pretext. As we have explained,

> [w]hen a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination. In effect, the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.

*Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (internal quotation marks omitted), *superseded in part and on other grounds by* Fed. R. Civ. P. 37(e). In applying this standard here, we bear in mind that "Title VII is not an invitation for courts to sit as a super-personnel department that reexamines employers' judgments." *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 73 (2d Cir. 2015) (internal quotation marks omitted).

In view of undisputed record evidence showing that Lau was more qualified than Moy in numerous respects, the meager list of qualifications for which Moy was superior cannot satisfy his burden to establish pretext. For example, Lau's performance evaluations were better than Moy's. Most recently, she received the highest rating of "Exceed" in four out of five categories, whereas Moy was initially rated "Exceed" in two out of five categories until he contested the rating and received one additional "Exceed." Lau also had superior case statistics: over the five fiscal years preceding the promotion, she completed 50% more cases and found 50% more back wages than did Moy and was generally more efficient than he. Lau also performed better in the interview than Moy.

*See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d at 104 (approving district court's recognition that "[t]here is nothing unlawful about an employer's basing its hiring decision on subjective criteria, such as the impression an individual makes during an interview" (alteration in original) (internal quotation marks omitted)). Moreover, Moy concedes that two weeks before the promotion decision, he submitted a case for review to his supervisor, who identified two excessive time charges therein. Viewed in this context, Moy's attainment of a more advanced degree than Lau, as well as his slightly longer tenure at the DOL, does not compel the conclusion that Moy was so far superior a candidate "that no reasonable person, in the exercise of impartial judgment, could have chosen" Lau over him. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d at 103.

Moy's additional allegations relating to discriminatory intent compel no different conclusion. *See Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 76 (2d Cir. 2016) (observing that "a court should examine the record as a whole . . . to determine whether a jury could reasonably find an invidious discriminatory purpose on the part of an employer" (internal quotation marks omitted)). As the district court thoroughly explained, Moy's arguments, renewed on appeal, that the hiring process was beset with procedural irregularity and stacked in Lau's favor are unsupported by any record evidence. For example, there is no support for the claim that the hiring manager ignored Moy's qualifications or assigned high profile cases to Lau to make her appear more productive. Indeed, Moy's arguments on appeal present precisely the same deficiencies highlighted by the district court and, therefore, warrant no different result. As such, these arguments, which are founded on "speculation and conjecture" and based on "guesswork" or "theorization," are insufficient

to admit a reasonable inference of discrimination on summary judgment.  *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999).

Accordingly, we conclude that summary judgement was appropriately entered for the DOL.

3.      Conclusion

We have considered Moy's remaining arguments and conclude that they are without merit.  Accordingly, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court