*Reyes v. Westchester County Health Care Corporation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-one.

PRESENT:
> Dennis Jacobs,
> Steven J. Menashi,
> > *Circuit Judges*,
> John P. Cronan,
> > *District Judge*.[*]

_____

Yacaira Reyes,

> *Plaintiff-Appellant*

v.                                                                          No. 21-0410

_____

[*] Judge John P. Cronan of the United States District Court for the Southern District of New York, sitting by designation.

Westchester County Health Care Corporation, d/b/a Westchester Medical Center, Kristina Schrull-Valiente, Lisa Panton, Tim Murphy,

*Defendants-Appellees.*

_____

For Plaintiff-Appellant:    Marshall B. Bellovin, Ballon Stoll P.C., New York, NY.

For Defendant-Appellee:    Daniel D. Schudroff, Margot L. Warhit, Jackson Lewis P.C., New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Halpern, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Yacaira Reyes appeals from the dismissal of her complaint entered on January 29, 2021, by the U.S. District Court for the Southern District of New York (Halpern, J.). This appeal concerns Reyes's claims of discrimination and retaliation in violation of state and federal law by her employer

and supervisors. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I

Reyes has been employed by Defendant-Appellee Westchester Medical Center of Valhalla, New York, as a respiratory therapist since 2011.[1] She was supervised by Defendants-Appellees Kristian Schrull-Valiente, Lisa Panton, and Tim Murphy. In August 2017, Reyes informed her supervisor that she was pregnant. Shortly afterwards, Reyes's work schedule was changed from the night shift to the day shift, prompting her to file a charge with the National Labor Relations Board ("NLRB") on September 15, 2017. On September 19, 2018, the NLRB arbitrator determined that the schedule change violated the collective bargaining agreement.

Reyes alleges multiple incidents between September 2017 and September 2019 in which, among other things, her accent was mocked, she was refused accommodations for her pregnancy, and she was given a poor performance

---

[1] Because the district court granted a motion to dismiss, for purposes of this appeal we accept all factual allegations in Reyes's complaint as true and draw all reasonable inferences in her favor. *See Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015).

3

evaluation that denied her a merit-based increase. She filed a charge with the New York State Division of Human Rights ("NYSDHR") on October 31, 2018, alleging retaliation for her NLRB complaint and discrimination on the basis of sex and national origin, in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 297. In her charge, Reyes acknowledged that "[b]y filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission" and she authorized the NYSDHR to "accept this complaint on behalf of" the EEOC. App'x 87; *see also Govia v. Century 21, Inc.*, 140 F. Supp. 2d 323, 325 n.1 (S.D.N.Y. 2001) ("[P]ursuant to provisions of a Work Sharing Agreement in effect between the [NYSDHR] and the EEOC, the cross-filing is deemed to have constructively occurred whenever a New York complainant files with either agency."). The NYSDHR dismissed her complaint for lack of probable cause in April 2019.

In September 2019, Reyes filed her complaint in the district court, alleging retaliation, discrimination based on national origin and sex, and a hostile work environment. She brought these claims under the NYSHRL, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, and Title

4

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* The incidents she alleges in the complaint include those in her NYSDHR charge as well as other events that were not in that charge. The defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The district court granted the defendants' motion. First, the district court held that Reyes's NYSDHR charge was a jurisdictional bar to bringing her NYSHRL claims in court. Next, the district court dismissed Reyes's NYCHRL claims because the alleged unlawful conduct occurred outside of New York City. Finally, the district court held that Reyes failed to state a claim for relief under Title VII. This appeal followed.

## II

"We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010). Likewise, we review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 631 F.3d 29, 32 (2d Cir. 2010).

## A

Reyes contends that the district court erred because it dismissed her claims of retaliation, discrimination, and hostile work environment under the NYSHRL for lack of subject matter jurisdiction under the election-of-remedies doctrine because she had previously filed a NYSDHR complaint. While we agree that the court does have jurisdiction over some of her NYSHRL claims, we affirm the dismissal on the ground that Reyes failed to state a claim for relief.

The district court erred in dismissing the NYSHRL claims for lack of subject matter jurisdiction under the election-of-remedies doctrine. This determination turns on whether the NYSDHR complaint and her instant complaint are materially the same; a person claiming unlawful discrimination under the NYSHRL may bring a suit in court "unless such person had filed a complaint hereunder or with any local commission on human rights." N.Y. Exec. Law § 297(9). "The resolution of the meaning of § 297(9) is an issue of state law for whose resolution we look to the interpretive rulings of New York courts." *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 884 (2d Cir. 1995). And "we consider the language of the state

intermediate appellate courts to be helpful indicators of how the state's highest court would rule." *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005).

"The filing of a complaint with the Division precludes the commencement of an action in court based on the same incident, or based on the same discriminatory grievance, and which seeks the same relief as that sought in the complaint." *James v. Coughlin*, 508 N.Y.S.2d 231, 232 (N.Y. App. Div. 2d Dep't 1986) (citations omitted). Applying that rule, the doctrine of election of remedies does not bar all of Reyes's NYSHRL claims. First, she alleges a hostile work environment here, which she did not do with the NYSDHR. Second, for her retaliation and discrimination claims, Reyes alleges a sufficient quantity and severity of incidents that occurred after her NYSDHR complaint. These could constitute separate claims of discrimination and retaliation from those claims that arose before the NYSDHR complaint. We therefore have subject matter jurisdiction to consider her new claim of a hostile work environment and her claims based upon incidents not raised in her NYSDHR complaint.

However, we affirm the dismissal based on Reyes's failure to state a claim under the NYSHRL. Although the district court did not reach this question, "we

may affirm an appealed decision on any ground which finds support in the record." *Sudler v. City of New York*, 689 F.3d 159, 178 (2d Cir. 2012) (internal quotation marks omitted). Discrimination claims under the NYSHRL are largely subject to the same analysis we apply under Title VII. *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014). To defeat a motion to dismiss, "a plaintiff must plausibly allege that (1) the employer took adverse action against [her], and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). An adverse action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* at 85 (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)).

For those incidents that could rise to the level of an adverse action, Reyes has failed plausibly to allege that her sex or national origin was a motivating factor. While Reyes complains of her employer's failure to accommodate her pregnancy, she did not allege that her employer was more willing to accommodate other employees who were similarly physically limited. *Cf. Legg v. Ulster County*, 820 F.3d 67, 74 (2d Cir. 2016) (noting that the failure to accommodate could amount to

8

discrimination if accommodations were provided "to other employees who were similar in their ability or inability to work"). As to the changes to her schedule, Reyes's conclusory assertions of animus cannot survive the motion to dismiss. *Moy v. Perez*, 712 F. App'x 38, 39 (2d Cir. 2017).

Additionally, Reyes fails to state a claim for retaliation. To survive a motion to dismiss here, a plaintiff "must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against [her], (2) because [she] has opposed any unlawful employment practice." *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018) (quoting *Vega*, 801 F.3d at 90). "Petty slights or minor annoyances that often take place at work and that all employees experience do not constitute actionable retaliation." *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (alteration and internal quotation marks omitted). Reyes fails plausibly to allege that any of the incidents that could rise to the level of actionable retaliation were caused by her protected activity. She alleges that her negative performance review was "solely based" on the NLRB arbitration decision, but the arbitration decision was issued *after* the performance review. Moreover, while we doubt that Reyes plausibly alleged that the schedule change requiring her to work on Fridays

9

was an adverse employment action given her failure to allege any especial hardship, in any event it occurred eleven months after the NLRB arbitration ended. *See Sealy v. State Univ. of N.Y.*, 834 F. App'x 611, 614 (2d Cir. 2020) (holding that four months "is simply too long of a gap to give rise to an inference of retaliation without some other evidence of retaliatory animus"); *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 104 (2d Cir. 2020) ("[A] gap of more than several months is typically too long by itself to survive summary judgment.") (internal quotation marks omitted).

Finally, Reyes's allegation of a hostile work environment fails. A plaintiff making such a claim must "plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's" protected characteristic. *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (alteration and internal quotation marks omitted). In determining whether a work environment is hostile, we consider the totality of the circumstances, which includes: "(1) the frequency of the

10

discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance." *Id*. (internal quotation marks omitted). As the district court concluded in reviewing the hostile work environment claim under Title VII, Reyes alleges "a collection of vignettes that she found objectionable." App'x 118. "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 75 (2d Cir. 2001) (alteration omitted) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). The "vignettes" Reyes provides are insufficient to state a claim for a hostile work environment.

Therefore, while the district court erred in dismissing the entirety of Reyes's NYSHRL for lack of subject matter jurisdiction, we affirm the dismissal on the ground that the complaint failed to state a claim.

**B**

The New York City Human Rights Law is contained within the New York City Administrative Code. N.Y.C. Admin. Code § 8-107. According to N.Y.C.

11

Admin. Code § 2-201, "the boundaries, jurisdictions and powers of the city are for all purposes of local administration and government hereby declared to be co-extensive with the territory" of the five boroughs. Thus, "[u]nder both New York State law and the New York City Administrative Code, applicability of the NYCHRL is limited to acts occurring within the boundaries of New York City." *Shah v. Wilco Sys., Inc.*, 806 N.Y.S.2d 553, 558 (N.Y. App. Div. 1st Dep't 2005). Because the alleged incidents underlying Reyes's NYCHRL claims did not take place in New York City, we affirm the district court's dismissal of those claims.

## C

Reyes also brings discrimination, hostile work environment, and retaliation claims under Title VII. First, she must pass a timeliness bar. Title VII provides that, in these circumstances, a charge "shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). That requirement bars plaintiffs from bringing claims that accrued prior to the 300-day mark unless the plaintiff alleges a continuing violation. "Under Title VII's continuing violation doctrine, if a plaintiff has experienced a continuous practice and policy of discrimination, the

12

commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (alteration and internal quotation marks omitted). A continuing violation is "composed of a series of separate acts that collectively constitute one unlawful employment practice." *Id.* at 318 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). Here, Reyes filed a charge with the EEOC when she filed her NYSHDR charge on October 31, 2018. App'x 66. Because Reyes's hostile work environment claim alleges a continuing violation, *see McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010), she may pursue that claim based on events preceding January 4, 2018. However, she may not pursue her discrimination and retaliation claims based on events before that date.

We agree with the district court that Reyes has failed to state a claim under Title VII. We analyze Title VII claims under the same standards as we do NYSHRL claims, so most of Reyes's Title VII claims fail for the same reasons as stated above. *See Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 609 (2d Cir. 2006); *Szewcyzk v. Saakian*, 774 Fed. App'x 37, 38 (2d Cir. 2019). There remain those Title VII claims that we could not consider under the NYSHRL because of the election-of-remedies

13

doctrine—namely, her allegations that her supervisors required her to move heavy tanks, that she was sent to re-orientation training, that her supervisor said he could not understand her because of her accent, and that her accent was mocked in the workplace. But, as before, Reyes fails to state a claim that the failure to accommodate her was discriminatory. *Cf. Legg*, 820 F.3d at 74. And to allege discrimination or retaliation, she must assert something more than a "mere inconvenience" to establish discrimination, *Vega*, 801 F.3d at 89, and more than "simple lack of good manners" to establish retaliation, *Collymore v. City of New York*, 767 F. App'x 42, 46 (2d Cir. 2019) (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)). Because she has not done so, we affirm the district court's dismissal of her Title VII claims.

*       *       *

We have considered all of Reyes's remaining arguments. Finding those arguments to be without merit, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

14